172571, Doxy v. Verifone. 172571, Doxy v. Verifone. Good morning, your honors. May it please the court, I'm Kevin Malick. I'm here on behalf of appellant Daniel Doxy. And I wanted to start off with the infringement issue. Okay, I apologize. I should have thought of this a moment ago. I have a preliminary question and both of you are free to chime in on this. This used to happen with some frequency and it rarely happens here. But the record that we have at least suggests that there may not be a final judgment in this case to the extent if there were counterclaims of validity that were never adjudicated and there's no 54B here and there's no dismissal without prejudice, which is what we normally see with respect to the counterclaims. So there's still some counterclaims hanging out there based on what we can see of this record. One, have you thought about that? Are we right? And if we're right, then isn't it correct that there's no final judgment? And we can hear the case, whatever, but you'd need to go back to the district court and get her to do some paperwork on it to sort of clean that up. So do either of you have a comment? I would agree that the court's summary final judgment did not address the question of defendant or appellee's counterclaims. And there were pending counterclaims regarding validity, right? Correct. Okay, so do you agree that that's a bit of a problem here in terms of finality and you need to go back to the district court to get some sort of sign off on that? I would expect, Your Honor, that would be the proper procedural process here. It's not, I wouldn't expect that there would be anything more than asking the court to enter a final, well, or perhaps defendant or appellee could withdraw those claims because they're somewhat moot at this point until this court renders a decision on what was decided. Or to have them dismissed without prejudice. Correct. Any comments, sir? You are correct. Looking at the final judgment, there are actually, there is nothing in the final judgment that addresses the outstanding counterclaims. However, we can dismiss them without prejudice. You just have to have the district court judge enter an order to that effect. And enter an order to that effect. So we will, with the consent of the panel, we'll proceed to hear this case today just because we don't want to cost everybody more time and money. But we will hold it with the expectation that forthwith, like within 10 days or whatever, in the absence of the district court not being available, that you will try to get something to us from the district court. Okay? Thank you. Thank you. So let's proceed on the merits. I was not expecting that, but I appreciate it. I just wanted to start off with the infringement question and then talk about claim construction. If there's time, we can move into the issue about reconsideration, although I'm not so sure that that's even necessary to achieve the result that the appellant's looking for. So on the infringement question, we'll give this a quick background. The patented invention relates to a peripheral device that can couple with a communication device. I think we understand that. Let me ask you to be clear. I don't know which of the claim terms you are going to lead with. It would be my preference to do the interchangeably mounted sensor. Okay. And let me just clarify up front. You have to prevail on both of these. Your argument with regard to both of these terms has to prevail. In order to overturn the decision of non-infringement summary judgment, it's our position, as it's been briefed, that we do not need to modify the claim constructions and that we prevent, we... No, I understand that. But both claim terms appear in all the claims. Correct. So you have to prevail on the merits, either on claim construction or infringement with respect to both of those terms, right? We would seek reversal on both of those claim terms. And you're right. They are limitations in every single claim in the patent. But just to be clear, even under the district court's construction, we do submit that there is still an infringement. Okay. If there aren't other questions. So just to go back to infringement, and I'm going to skip over the part about what the invention is. It looks like the court is fully briefed on that. But in any event, the district court failed to give inferences, all favorable inferences, to the patentee here. And as we submitted in blue 29 to 37 and gray 7 to 11, there is no dispute on the replaceable cradle connector limitation. There's no dispute that the accused products have a cradle connector. So it really gets down to the point about the replaceable limitation and whether or not these accused devices have cradle connectors that are replaceable. Now, for appellant's position, and we fully briefed this to the district court in various briefs, and we showed photographic evidence of a replacement exercise where I did it personally. We had an expert that did it. The inventor did it. Many people did it. It's a very routine exercise with an off-the-shelf screwdriver to replace the cradle connector. We showed photographic evidence. It's in our brief at blue 32, showing the cradle connector, and at blue 33 to 34, going through that replacement exercise. And through the simple exercise of unscrewing the cradle connector, one can remove it and put it back. And that's the whole point about having screws in there in the first place. Now, appellee Verifone contends that it's built in, but as we've shown, it is in fact not built in. So where did the district court err on this? The evidence that Verifone submitted to the district court came in the form of a declaration from a Verifone employee who just concluded, citing wholesale to 30 or 40 pages of the record, that the cradle connector was built in and not replaceable. But that, we submit, is insufficient to overcome what we showed, first of all, to be actual replacement, and secondly, insufficient to meet Verifone's burden in showing non-infringement here. Similarly, on the sensor unit interchangeably mounted limitation, there is no dispute that the accused products have a sensor unit. And so the question, again, similar to the replaceable cradle connector limitation, is, is that sensor unit interchangeable? And again, we submitted to the district court in various briefs. They're all in the record pre-judgment. Photographic evidence of an interchange exercise where if one were to open the device, it can be interchanged with another sensor. It can be swapped out. It can be exchanged. And where did the district court find evidence that it was not interchangeable? Well, again, Verifone and the court solely relied on a declaration of an employee of Verifone, Mr. Gerald Hamrock, who made a conclusory statement that the sensor, just like the cradle connector, was built in. And, you know, to use the word they used, integrated. But as we showed in our briefs, that was not the case, and it could actually be exchanged and swapped out readily. Okay. And just to refresh the court, we summarized Verifone's evidence succinctly in gray 11 through 15. I'd like to move on to the claim. What about the waiver argument on this infringement argument? How do you respond to that? What's the waiver argument, Judge? You didn't make that particular argument below. We made all those arguments below, and I cited to the record there. I'm not sure which argument you're referring to specifically, but I can run through them quickly. So our replaceable cradle connector argument. Not the replaceable cradle connector, but on the sensor. Yeah, so, okay. And whether it's replaceable by a user for, could it be removed or replaced by another sensor by a user? Yeah, so the arguments that we made on the sensor unit being interchangeable were made below. What about under the claim construction adopted by the court? So the district court, our infringement position was briefed as part of our response to summary judgment and the Markman briefing. Let me, I'm actually glad that you asked that. Let me give you a sense of the procedural history here. But there was a fully, the motion for summary judgment was brought by Verifone within 30 to 45 days of the initial discovery order. So almost a year before discovery was to close. And it was fully briefed. And then the court had a hearing after that and then invited Markman briefing and claim construction briefing and clarified some questions for the parties. And so there was subsequent briefing. And in each of those briefs, we submitted further evidence of infringement to the court and responded. Did you submit evidence or argument on whether there was infringement under your adversary's claim construction? You know, even though it occurred maybe later after you had submitted your initial briefs? Correct. Yes, we did. And that was done as early as July 22, 2017 on the sensor unit being interchangeable question. And you can find that at the appendix at 923 to 24. So that was well before the court's decision. So 923 to 1024? Sorry, appendix 923 to 924. What it says at 923 to 924, and I'll read it, this is a direct quote, is that the sensors in the accused products meet both Verifone's and Mr. Dozy's proposed claim constructions, assuming one eliminates the additional words that Verifone has added to the claims, namely, with another sensor by a user. So how was the district court supposed to understand that even if it were to adopt the very portion of the construction that you cite here, you're nonetheless arguing there is still infringement under that construction? Because you say it infringes under both if, assuming one eliminates this portion of the construction. District court didn't eliminate that portion of the construction. So this is the waiver argument. The waiver argument is it appears that this is the only place where you introduced these photos, which are in your responsive claim construction brief, and it doesn't seem like you introduced these photos and argued that they met or established a question of fact on infringement under Verifone's construction, which the district court did then adopt. That's correct for that part, Your Honor, but there are other portions of our briefing to the district court in which we contend that even if the court were to adopt Verifone's construction, that there's still going to be infringement. Yes, but all those other parts at 382, 386, 1027, and 1028, and to be clear, these are your opposition to summary judgment and your opening claim construction brief. There, you never introduced any of the photos or pointed to any of that interchangeability. Instead, your argument in all of those locations was it infringes even under Verifone's construction because the barcode scanner, basically, this is available for purchase with or without the barcode scanner, and that's a different argument. That's not the same argument as look here, we can do this, a user can do it. So you made one argument with regard to infringement in all those other places, and the only time you made the argument you're making now, unless I'm mistaken, please show me where other than on 923 and 924 it's made. So let me explain the sequence first, and then I can get to your question, but Verifone raised that issue about non-infringement in their reply brief on summary judgment, and so we were left dealing with it at the hearing that the district court had, and then in our subsequent Markman briefing. But to get to your question about where we also argue that there's going to be infringement, regardless of whether that claim limitation is added, or whether or not the claim limitation includes with another sensor by a user, Your Honor, I would submit that I'm having a hard time finding it right now, Your Honor. Do you remember which of the documents it was in? I believe it was in our reply brief on claim construction, Your Honor. I think that's the one at 923 and 924, right? That's your responsive claim construction brief. Okay. Do you want to move on to any of your other arguments, or maybe try and talk about this during rebuttal or something when you have a chance to look for it? It sounds right, Your Honor. Let me get to the claim construction points. Just very briefly, because we've already exceeded your time. So on the sensor unit interchangeably mounted point, that limitation itself does not require that it be done by a user, or that it be exchanged with another sensor. Okay, leave the user thing out, because that's not really, that's not dispositive with respect to infringement rights. Yeah, and then it also doesn't require that it be exchanged with another sensor. It's a characteristic of the sensor, that it be able to be interchanged, that it be able to be swapped and exchanged. Similarly, on the replaceable cradle connector limitation, the district court erred in its construction of that limitation by introducing the word port, requiring that it be a port connector. The word port appears nowhere in the patent. And then separately, the district court also erred in requiring that data be transmitted to and from that cradle connector. Again, there's no support for that in the record as has been briefed. May it please the court. I will start with addressing the court's finding of non-infringement with respect to the interchangeably mounted sensor. And actually, I'll speak more generally to the court's finding of non-infringement under its constructions. DOCSI did not argue or present any evidence of infringement under the court's constructions prior to its motion for reconsideration. Throughout the briefing, the summary judgment briefing, the claim construction briefing, he reiterated that merely removability of these two features, the cradle connector and the interchangeably mounted sensor, was enough to find infringement. It wasn't until the motion for reconsideration that he submitted an expert declaration, relying on the very same evidence that he could remove these features from the accused devices, that he argued, well, that still infringes under the court's claim construction, but that was mere conclusory argument made after the court reached its decision on summary judgment. Now, with respect to the specific evidence that he presented on infringement, with respect to the interchangeably mounted sensor, the district court properly construed that as a sensor that can be removed and replaced with another sensor. That's the relevant portion of the construction. And what Mr. DOCSI presented, as the court has already looked at, at Appendix 923, 924, this is all he presented, was images in his briefing, not supported by a declaration, of one of the accused devices showing that he could take apart the device and physically tear out the barcode sensor. Are you pointing to Appendix 923? Yes, did I say that? Yeah, Appendix 923, exactly. Basically, he was able to dismantle the device, and he says this shows that the barcode sensor is interchangeably mounted. This is in no way evidence that the barcode sensor could be removed and replaced with another sensor. It just frankly doesn't create an issue of fact, and that's why the district court granted summary judgment. The district court didn't just say there is no genuine issue of fact here. They said there is no issue of fact. There is not a dispute here. And actually, if you look at the statement of undisputed facts submitted with the summary judgment motion and DOCSI's counterstatement there too, you'll see there was no dispute of fact. At Appendix 152, that's Verifone's assertion of undisputed facts, where Verifone first said that the accused sensors cannot be removed by the user and swapped out for another sensor. Now, under 56E and the Florida local rules, the non-movement in this context needs to present counterstatement of facts. Otherwise, the facts are deemed admitted. And this is what DOCSI said in his counterstatement of facts with respect to that assertion, and that's at Appendix 514. He said the evidence demonstrates that the sensor in the Verifone products can definitely be removed or added as necessary. So he's basically saying he can remove it, and therefore there's infringement. There is no dispute that they cannot be removed and replaced. They just can't be swapped out. That is fundamentally the issue here. I mean, there is a meaningful distinction between the patent and the accused products. The same is true with respect to the cradle connector. Again, the only evidence related to the replaceability of the cradle connector, which the court construed the replaceability aspect of the cradle connector as something that can be exchanged or swapped out. And the only evidence is if you look at Appendix 888 and 889. Again, this is in the claim construction briefing. And again, these are images within the briefing not supported by a declaration. I mean, it's not even really evidence. It's just argument. We again have Mr. DOCSI taking apart one of the accused devices and physically removing the cradle connector with a screwdriver. That's removability. That's not replaceability. That's not evidence showing that the connector can be exchanged and swapped out. So again, the district court properly concluded there's not a dispute of fact here and granted summary judgment of non-infringement on two independent grounds, both supported by the record, and there's no basis to overturn that. Now I'll move on to claim construction. I'll do this quickly. I know the court knows what the patent is about. It's a case that covers or is used in connection with communication devices. And a critical novel element of this case is that it expands the functionality of the device that it covers. And it does this by having modular components. The two claimed modular components that we've already talked about are the interchangeably mounted sensor and the replaceable cradle connector. And with respect to the sensor, the notion was, look, the user's in the field. They want a different sensing functionality. So they have a variety of different sensors that they can choose from to put onto the device and use. You might want a barcode sensor. You might want a fingerprint kind of sensor. And that's what the device was about. Where did the district court come up with, by a user? I don't see why it would have to be done by the user. That doesn't affect infringement. Yeah, that doesn't affect infringement, so I don't think we necessarily need to get to that. But I will address the issue because I included it myself. The point is, we don't need it. We don't need it. It doesn't matter whether we agree or disagree with that phrase being used. We don't need it except the reason that it's in there is that if anyone can be the person who removes and replaces a sensor, you could argue that the manufacturer could do it or that the designer could do it in the process of building. And therefore, there could be a hypothetical argument that, you know, any device made up of components has interchangeably mounted components. That's why we included the by the user, just to circumvent confusion on that issue. Because the patent is clear that the notion is you have this peripheral device and there are many modular components that you can choose from depending on need. And so the court's claim construction of interchangeably mounted sensor is supported by the record. By contrast, Mr. Doxey's proposed construction, again, he pushed for a sensor that is capable of being removed or added or exchanged. So he's arguing that interchangeably mounted means mere removability. That just isn't supported by anything. He doesn't cite to anything in the intrinsic record. Instead, he relies on inventor testimony as to his subjective intent as to the meaning of the term, which is not proper. He also relied on his own testimony as to alleged commercial embodiments. Again, not probative to claim construction. So there's no support for Mr. Doxey's construction. There is support for Verifone's proposed construction. And the court's adoption of that construction was absolutely proper. The same is true for the replaceable cradle connector. But I do want to address that all the issues raised by Mr. Doxey here on appeal with respect to the construction of the replaceable cradle connector, he says it shouldn't include the word port, and there shouldn't be the inclusion of language that the port or connector is something through which data is transmitted to and from the cradle. None of that matters for infringement. The district court actually found that the accused products had a connector, which was a port through which data was transmitted to and from a cradle. Non-infringement was based on replaceability, which the court construed as exchanged or swapped out. And frankly, if you look at Mr. Doxey's proposed construction, he seems to agree in his proposed construction that replaceability means that something needs to be substituted with something else. I mean, that's what he says in his construction. So his complaints about the inclusion of the word port and the inclusion of the language regarding data being transmitted to and from a cradle, they're irrelevant and don't bear on the ultimate issue of infringement. Lastly, with respect to the district court's exclusion of the expert declaration submitted with the motion for reconsideration, again, the district court did not abuse its discretion in doing that, and I can talk about that in a minute. But even if that were to come in, even if that declaration were to come in, it wouldn't change the underlying finding of non-infringement. That declaration submitted on the motion for reconsideration merely parrots the exact same facts that were asserted in the claim construction briefing. In fact, it uses the exact same images that were in the claim construction briefing, showing that the cradle connector could be pried out of the device and showing that the sensors could be pried out of the device. The only new fact, if you even want to call it a fact, in that new declaration was the assertion that that evidence somehow supported a finding of infringement under the court's construction, which is hard for me to understand. I think that's all I've got. Thank you. Thank you. Your Honor, just real briefly, I just wanted to get to the question about where we address this issue about infringement under the district court's construction, and it dawned on me after I sat down for a second, that when we briefed the infringement issue, it was pre the court's request for briefing on Markman. And in our Markman briefs, we argued infringement under our construction. As soon as the court decided its construction, within a couple of weeks, we submitted additional evidence. That's the request for reconsideration that the district court said was not timely provided. Correct. Were you aware, though, of Verifone's claim construction at the time that you submitted your claim construction briefs with infringement arguments based on your own claim construction, right? I mean, you were aware of the construction the district court ultimately adopted. We were aware of Verifone's construction as soon as their Markman briefs were served on us. That is correct. I just wanted to explain why it wasn't fully – well, why it wasn't explored or briefed in our briefing, and that was because we only addressed it after the court decided what the claims meant. And the district court felt that it was too late. We obviously submitted in our briefs that it was submitted in a couple of weeks. And it was very early on in the case. This was a year before fact discovery was intended to close. And, you know, we believe that the district court abused its discretion in not at least affording us the latitude to get that evidence before the court at such an early time in the case. I'll rest there unless you have other questions. No. Thank you for that. The case is submitted under the conditions that we described earlier. Thank you. Thank you. This concludes our proceeding. I'll run.